**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| *ANGELA BILLUPS and JEFFREY REED*, | ) |
| Plaintiffs, | ) |
| | ) |
| *v.* | ) |
| | ) |
| *I.C. SYSTEM, INC.*, | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiffs Angela Billups and Jeffrey Reed, by their counsel, Paúl Camarena, respectfully

complain as follows:

**Introduction.**

1)      The Fair Debt Collection Practices Act prohibits debt collectors to use false

representations and also prohibits debt collectors to communicate about a debt without disclosing

when that debt is disputed.  In the case at bar, Debt Collector-Defendant I.C. System, Inc.

represented to Ms. Angela Billups that her husband Mr. Jeffrey Reed owed a debt to a creditor

and falsely represented to her that the creditor had verified Mr. Reed was the correct debtor by

verifying his social security number.  Defendant I.C. System, Inc. also communicated to credit

reporting agencies that Mr. Reed owed this debt without disclosing that the debt was disputed.

Thus, Defendant I.C. System violated the FDCPA.

**Jurisdiction and Venue.**

2)      Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction over this

civil action because the action arises under the laws of the United States.  Pursuant to 28 U.S.C.

§ 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because a

substantial part of the events or omissions giving rise to this action occurred within the Eastern

Division.

## Parties.

3)      Plaintiff Angela Billups is a "consumer" as that term is defined in the Fair Credit

Reporting Act in 15 U.S.C. § 1681a(c), and Ms. Angela Billups resides within the Eastern

Division.

4)      Plaintiff Jeffrey Reed is a "consumer" as that term is defined in the Fair Credit Reporting

Act in 15 U.S.C. § 1681a(c), and Mr. Jeffrey Reed resides within the Eastern Division.

5)      Defendant I.C. System, Inc. is a "debt collector" as that term is defined in the Fair Credit

Reporting Act in 15 U.S.C. §1692a(6).  Defendant Defendant I.C. System, Inc. is also a

corporation incorporated in the State of Minnesota and authorized to transact business in Illinois.

## Factual Allegations.

6)      Debt Collector-Defendant I.C. System, Inc. is reporting to credit reporting agencies that

Mr. Jeffrey Reed owes a debt to a creditor, telecommunications company Comcast.

7)      Mr. Reed's wife, Ms. Angela Billups, contacted Defendant I.C. System, Inc. and inquired

whether her husband actually owed the alleged debt to Comcast.

8)      Defendant I.C. System insisted to Ms. Billups that her husband did owe this debt to

Comcast, and the Defendant also falsely stated that Comcast had verified that this debt account is

associated with Mr. Reed's social security number.

9)      Ms. Billups, who is self-employed, interrupted her work time to contact Comcast, which

stated that, in fact, this debt account is not associated with Mr. Reed's social security number.

Had Defendant I.C. System not falsely stated that Comcast verified Mr. Reed's social security

number, Ms. Billups would not have used her time to contact Comcast.

10)      Mr. Billups then disputed to Defendant I.C. System that her husband owed this debt to

Comcast.

11)    Even after the alleged Reed debt to Comcast was disputed, Defendant I.C. System still reported the debt to credit reporting agencies without noting that the debt was disputed.

12)    Because Defendant I.C. System did not note the debt dispute, credit reporting agencies are still reporting the debt information without reporting that the debt is disputed, resulting in a much lower credit score.

13)    When a debt collector reports a debt and notes that the debt is disputed, credit reporting agencies record the dispute in the credit report and do not include the derogatory information in assessing the credit score.  Thus, the defendant's decision to report the debt but not the dispute resulted in a much lower credit score for the plaintiff Mr. Reed than a report of both the debt and the dispute.

14)    Defendant I.C. System's false statement regarding Comcast's verification caused actual injury to Ms. Billups because the Defendant's false statement, *inter alia*, caused her to interrupt her work time to contact Comcast.  Defendant I.C. System's failure to note the debt as disputed caused actual injury to Mr. Reed because the Defendant's failure caused him to, *inter alia*, suffer an inaccurate credit rating, which caused him to refrain from seeking credit from other sources.

**Causes of Action.**

Count One (as to Ms. Billups).

15)    The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e, states that a "debt collector may not use any false, deceptive, or misleading representation."

16)    Defendant I.C. System violated Section 1692e by falsely stating to Ms. Billups that Comcast had verified that a debt was associated with her husband's social security number.

<u>Count Two (as to Mr. Reed).</u>

17)     The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e, states that a "debt collector

may not use any false, deceptive, or misleading representation."  Subsection 1692e(8)

specifically prohibits debt collectors from "fail[ing] to communicate that a disputed debt is

disputed."  "Despite receiving [a dispute], [Defendant] still reported plaintiff['s] debt[ ] to credit

reporting agencies without noting that the debt [ ] w[as] disputed.  This is a clear violation of the

statute."  *Evans v. Portfolio*, 889 F.3d 337, 346 (2018).

18)     Defendant I.C. System violated Subsection 1692e(8) by reporting Mr. Reed's debt to

credit reporting agencies without noting that the debt was disputed.

**Prayer for Relief.**

        WHEREFORE, Plaintiffs Angela Billups and Jeffrey Reed pray that this Court holds a

trial by jury and enters judgment in their favor (and against Defendant I.C. System) for their

actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to 15

U.S.C. § 1692k(a).

        Respectfully submitted,
        Plaintiffs', Angela Billups and Jeffrey Reed's, Counsel
        North & Sedgwick, L.L.C.
by:     */s/ Paúl Camarena*              .
        Paúl Camarena, Esq.
        500 So. Clinton, No. 132
        Chicago, IL 60607
        paulcamarena@paulcamarena.com
        (312) 493-7494